IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES BARTON COOK,
     Plaintiff,

v.                              Case No.:  5:09cv72/RS/EMT

MICHAEL J. ASTRUE,
Commissioner of Social Security,
     Defendant.
_____/

## REPORT AND RECOMMENDATION

Now before the court is Plaintiff's "Petition for Attorney's Fees and Costs Under the Equal Access to Justice Act" (Doc. 31), filed by Heather Freeman, Esq., Plaintiff's counsel (hereinafter "Petitioner"), and a response to the motion (Doc. 33), filed by Defendant Commissioner of Social Security (hereinafter "the Commissioner").

I.     BACKGROUND

On March 9, 2009, this action was initiated under the Social Security Act ("the Act") to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for disability benefits (Doc. 1).  On June 5, 2009, prior to filing an answer to Plaintiff's complaint, the Commissioner filed a motion to remand pursuant to sentence six of 42 U.S.C. § 405(g) (*see* Doc. 10).  The Commissioner filed an amended motion seeking the same relief on June 12, 2009 (Doc. 12).  In relevant part the Commissioner asserted that remand was necessary in order to complete the administrative record (*see id.*).[1]  The Commissioner's motion was granted, and this action was remanded for further administrative proceedings (Docs. 13, 14).[2]  Following remand, the

---

[1] "Sentence-six remands may be ordered in only two situations: where the [Commissioner] requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." Shalala v. Schaefer, 509 U.S. 292, 297 n.2, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993).  This case falls in the former category.

[2] This court retained jurisdiction of the case during the period of remand (*see* Doc. 14 at 1 ¶ 3).

Commissioner—as directed by order of the district court (*see* Doc. 14)—periodically filed status reports advising the court of the status of the remand proceedings (*see* Docs. 15–19, 21–27). In his most recent status report, filed December 27, 2010, the Commissioner advised that "a decision was issued on October 29, 2010," and efforts were underway to obtain a copy of the decision (Doc. 27).

On February 4, 2011, the Commissioner filed a "Motion for Final Judgment" (Doc. 28). In support the Commissioner stated that upon remand Plaintiff was found eligible for benefits in the decision dated October 29, 2010 (*id.*). Thus, because Plaintiff received full relief, the Commissioner requested that this court enter a final judgment (and noted that such judgment would begin the appeal period "which determines the 30-day period during which a timely application for attorney fees may be made under the Equal Access to Justice Act (EAJA)") (*id.*). The Commissioner's motion was granted, and final judgment was entered for Plaintiff on February 10, 2011 (Docs. 29, 30).

II.    ANALYSIS

The EAJA, 28 U.S.C. § 2412, generally allows for an award of attorney fees against the United States when the party seeking fees is the prevailing party in a civil action brought against the United States. More specifically, the EAJA allows for the award of attorney fees and other expenses against the government provided: 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States, 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within thirty days of the final judgment in the action, 3) the position of the government is not substantially justified, and 4) no special circumstances make an award unjust. The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(l)(A), (B).

In <u>Shalala v. Schaefer</u>, 509 U.S. 292, 113 S. Ct. 2625, 124 L. Ed. 2d 239 (1993) the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence <u>four</u> of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney fees and expenses under the EAJA. Here, however, the court reversed the decision of the Commissioner under sentence <u>six</u>. The sentence-six remand, by itself, did not then make Plaintiff a "prevailing party" for purposes of the EAJA. *See, e.g.*, <u>Marshall v. Commissioner of Social Security</u>, 444 F.3d 837, 840–42 (6th Cir. 2006); <u>Sims v. Apfel</u>, 238 F.3d 597, 600 (5th Cir. 2001). Rather, the sentence-six remand merely preserved Plaintiff's right to file a fee petition if he

prevailed on remand. <u>Marshall</u>, 444 F. 3d at 841–42. Stated another way, the result of the subsequent administrative proceedings is sufficient to confer "prevailing party" status upon a claimant. <u>Jackson v. Chater</u>, 99 F.3d 1086, 1097 (11th Cir. 1996) ("Because [claimant] succeeded on remand, at least in part on sentence-six grounds, judgment must be entered in his favor by the district court, and [claimant] will be a prevailing party under that judgment."); <u>Squires-Allman v. Callahan</u>, 117 F.3d 918, 919 n.2 (5th Cir. 1997) ("One does not become a prevailing party merely because the Secretary's request for a remand is granted under sentence six. Instead, the party must actually succeed in receiving some substantial benefit that was sought in the original appeal because of the remand."). Thus, having prevailed following the sentence six remand here, Plaintiff is properly considered a "prevailing party" for purposes of the EAJA (as the Commissioner apparently concedes (*see* Doc. 33)). Moreover, the petition for fees was timely filed (as noted *supra*, the petition was filed on February 11, 2011, just one day after final judgment was entered and well within the thirty-day limit). Additionally, the undersigned concludes that the Commissioner's position was not substantially justified and that no other circumstances make an award unjust in this instance.[3] Accordingly, an award of EAJA fees is appropriate.

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states as follows:

> . . . (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Petitioner seeks compensation for 16.7 hours of work expended on Plaintiff's behalf in this court (and during the period of remand), which represents 4.3 attorney hours in 2009 at an hourly rate of $172.25 ($740.68), and 12.4 attorney hours in 2010 and 2011 at an hourly rate of $175.13 ($2,171.61), for a total fee in the amount of $2,912.29 (Doc. 31 at 4 & Ex. C). Petitioner also seeks

---

[3] These conclusions are based largely on the fact that the Commissioner does not contend his position was substantially justified, does not assert that any circumstance makes an award unjust, and has no objection to an award of EAJA fees in this case. *See, e.g.*, <u>Herron v. Bowen</u>, 788 F.2d 1127, 1130 (5th Cir. 1986) (the United States has the burden of establishing that its position was substantially justified); *but see* <u>Marshall</u>, 444 F.3d at 842–43 (remanding for the district court to determine, based on the administrative record, whether the Commissioner's position was "substantially justified" or special circumstances made an award unjust, and noting that the record before the circuit court was insufficient to make those determinations).

"post-remand" expenses in the amount of $52.00, which expenses were incurred in obtaining certain of Plaintiff's medical records (Doc. 31 at 4 & Ex. F). Thus, the total EAJA award sought by Petitioner is $2,964.29. Although the award sought is based upon hourly rates higher than $125.00, this court concludes that amounts greater that $125.00 per hour are reasonable, as has been found in numerous recent cases. *See, e.g.,* Facine v. Barnhart, Case No. 5:02cv26/MD (N.D. Fla. 2004) (finding compensation at the rate of $145.00 per hour reasonable for work performed in 2001 through 2004); Godwin v. Barnhart, Case No. 3:04cv298/RV/EMT (N.D. Fla. 2006) (finding compensation at the rate of $147.63 per hour reasonable, based upon a change in the Consumer Price Index, for work performed in 2004 through 2005). The court also concludes that the hours expended by Petitioner on Plaintiff's behalf are reasonable, as are the claimed expenses. Finally, the Commissioner has no objection to the award Petitioner seeks. Accordingly, an award in the amount of $2,964.29 is appropriate.

The remaining question concerns to whom the EAJA award is payable. In Astrue v. Ratliff, 130 S. Ct. 2521 (2010), the Supreme Court resolved a split among certain Circuit Courts of Appeal and held that an award of "fees and other expenses" to a "prevailing party" under § 2412(d) is payable to the litigant, not to the litigant's attorney. *See also* Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008) (same). The Court further held that because the EAJA award was "payable to the litigant," the government could offset the claimant's debt against that award. Ratliff, 130 S. Ct. at 2528–29. Although Ratliff and Reeves did not address the payment of EAJA fees directly to counsel where the prevailing plaintiff has assigned his or her interest to the attorney, the undersigned previously followed the common practice of other courts in this district and circuit by recommending payment to counsel when an assignment of benefits was included with counsel's petition. *See, e.g.,* Turner v. Astrue, Case No. 5:07cv9/RS/EMT (awarding EAJA fee to counsel for Plaintiff where valid EAJA assignment had been made); Buffin v. Astrue, 2008 WL 2605475, at *2 (M.D. Fla. June 30, 2008) (same). *See also* Perez v. Astrue, 2010 WL 2888989, at *2 (C.D. Cal. July 20, 2010) (acknowledging a plaintiff's right to assign interest in EAJA award to attorney but noting that such assignment does not prevent an offset of the award if the plaintiff owes a debt to the government, which debt accrued prior to the assignment). The common practice, however, appears to have evolved without the benefit of knowing whether the plaintiffs, as "prevailing parties," were

responsible for debts owed to the government, and thus subject to offsets. Indeed, in the undersigned's previous practice, the parties did not discuss whether the plaintiffs owed debts to the United States, and the Commissioner did not object to payment of EAJA awards to counsel in light of the plaintiffs' assignments. Since the Supreme Court's decision in Ratliff, however, the matter of a plaintiff's outstanding debt has now been raised in this court (and other courts) by parties in connection with applications for EAJA fees. *See, e.g.*, Parker v. Astrue, No. 5:09cv189/RS/EMT, docs. 36–39. And it has been raised in the instant case.

Specifically, Petitioner notes that Plaintiff has assigned his interest in any fee awarded under the EAJA to her (Petitioner) (*see* Doc. 31 at 4 & Ex. E), and further, that she (Petitioner) has verified with the U.S. Treasury that Plaintiff owes no debt to the United States (Doc. 31 at 4). Thus, Petitioner contends, the EAJA award should be made payable to her.

The undersigned concludes that the EAJA award should be made payable to Plaintiff, not Petitioner. First, this conclusion is in line with Ratliff, 130 S. Ct. at 2521. Second, although Petitioner has represented that Plaintiff owes no debt to the United States, the Commissioner has recently stated in other cases in this district that he is required to make a separate inquiry regarding whether a claimant owes a qualifying debt and, further, that his inquiry cannot be made until after this court has issued an order on a petition for EAJA fees. *See, e.g.,* Nakas v. Astrue, Case No. 5:09cv358/RS/WCS, doc. 27; Anderson v. Astrue, Case No. 5:09cv282/RS/MD, doc. 24. Thus, the check should simply be made payable to Plaintiff and sent to Petitioner's office so that Plaintiff and Petitioner may mutually implement their fee agreement without this court's involvement. *See* Nakas docs. 30, 31 (respectively, report and recommendation, issued February 16, 2011, recommending same, and order, issued March 16, 2011, adopting report and recommendation); Anderson, doc. 25 (report and recommendation, issued February 25, 2011, recommending same).[4]

Accordingly, it is respectfully **RECOMMENDED** as follows:

1. That the Petition for Attorney's Fees and Costs Under the EAJA (Doc. 31) be **GRANTED** as set forth below:

---

[4] As of the filing date of the instant Report, the report and recommendation in Anderson had not been adopted by the district court.

Case No.: 5:09cv72/RS/EMT

(a)     Plaintiff is entitled to recover reasonable fees and expenses for representation by his counsel, Heather M. Freeman, before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA); attorney fees and expenses under the EAJA in the amount of $2,964.29 are reasonable; and the Commissioner is directed to pay that amount to Plaintiff.

(b)     Plaintiff's payment shall be mailed to her attorney, Heather M. Freeman, at 55 W. Monroe Street, Suite 2440, Chicago, IL  60603.


At Pensacola, Florida this <u>21st</u> day of March 2011.



<u>s/ Elizabeth M. Timothy</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**



<u>**NOTICE TO THE PARTIES**</u>

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**