IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES BARTON COOK,
    Plaintiff,

v.                                       Case No.: 5:09cv72/RS/EMT

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Now before the court is a "Petition for Authorization of Attorney Fee Pursuant to [Section § 406(b)(1) of] the Social Security Act" (doc. 32), filed by Heather Freeman, Plaintiff's counsel (hereinafter "Petitioner"), on February 11, 2011. Also before the court is a response to the motion (doc. 33), filed by Defendant Commissioner of Social Security (hereinafter "the Commissioner").

I.    BACKGROUND

On March 9, 2009, this action was initiated under the Social Security Act ("the Act") to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for disability benefits (doc. 1). On June 5, 2009, before filing an answer to Plaintiff's complaint, the Commissioner filed a motion to remand pursuant to sentence six of 42 U.S.C. § 405(g) (*see* doc. 10).[1] The Commissioner filed an amended motion seeking the same relief on June 12, 2009 (doc. 12). In relevant part the Commissioner asserted that remand was necessary in order to complete the administrative record (*see id.*). The Commissioner's motion was granted, and this action was remanded for further

---

[1] The sixth sentence of section 405(g) provides a federal court the power to remand an application for benefits to the Commissioner for the taking of additional evidence upon a showing "that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."

Case 5:09-cv-00072-RS-EMT   Document 36   Filed 01/17/12   Page 2 of 6

Page 2 of 6

administrative proceedings (docs. 13, 14).[2]  Following remand, the Commissioner—as directed by order of the district court (*see* doc. 14)—periodically filed status reports advising the court of the status of the remand proceedings (*see* docs. 15–19, 21–27).  In the last status report, filed December 13, 2010, the Commissioner advised that "a decision was issued on October 29, 2010," and efforts were underway to obtain a copy of the decision (doc. 27).

On February 4, 2011, the Commissioner filed a "Motion for Final Judgment" (doc. 28).  In support, the Commissioner stated that upon remand Plaintiff was found eligible for benefits in the decision dated October 29, 2010 (*id.*).  The Commissioner's motion was granted, and final judgment was entered for Plaintiff on February 10, 2011 (docs. 29, 30).  The following day, February 11, 2011, Petitioner filed the instant motion seeking fees under section 406(b)(1).[3]

II.  ANALYSIS

Attorneys handling Social Security proceedings may seek fees for their work under two different statutory provisions, the EAJA and 42 U.S.C. § 406.  Generally, the EAJA allows for an award of attorney fees against the United States when the party seeking fees is the prevailing party in a civil action brought against the United States.  28 U.S.C. § 2412.  Fees under the EAJA penalize the Commissioner for assuming an unjustified legal position and are paid out of Social Security Administration funds.  McGraw v. Barnhart, 450 F.3d 493, 497 (10th Cir. 2006).  Section 406, on the other hand, allows for recovery of attorney's fees for representation of individuals claiming Social Security benefits, both at the administrative level and in court.

More particularly, section 406 "deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court."  Gisbrecht v. Barnhart, 535 U.S. 789, 794, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).  For representation of a benefits claimant at the administrative level, an attorney may file a fee agreement with the agency in advance of a ruling on the claim for benefits.  Section 406(a).  If the ruling on the benefits claim is favorable to the claimant, the agency will generally

---

[2] This court retained jurisdiction of the case during the period of remand (*see* doc. 14 at 1 ¶ 3).

[3] The same day, February 11, 2011, Petitioner also filed a motion seeking fees pursuant to the Equal Access to Justice Act ("EAJA") (doc. 31), which motion was granted on April 21, 2011 (*see* doc. 35 (awarding to Plaintiff, not Petitioner, EAJA fees in the amount of $2,964.29)).

Case No.: 5:09cv72/RS/EMT

approve the fee agreement subject to certain limitations. Gisbrecht, 535 U.S. at 795. For proceedings in court, when a judgment favorable to the benefits claimant is rendered, the court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of past due benefits to which the claimant is entitled by reason of such judgment." Section 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past due benefits." Id. Finally, although fees can be awarded under both the EAJA and § 406(b), Congress has precluded "double dipping," that is, receipt of attorney fees for the same services provided under the EAJA and the Social Security Act. See § 406(b)(1)(A).

In Gisbrecht, the Supreme Court held that the provision of § 406(b) that limits attorney fees to 25 % of past due benefits was designed to control, and not to displace, contingency fee agreements that are within the statutory ceiling. Gisbrecht, 535 U.S. at 808–09. The Court concluded that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Id. at 807. Accordingly, within the "25 percent boundary" permitted by § 406(b), the "attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. The Gisbrecht Court did not specifically define the factors that lower courts should consider when determining the reasonableness of a § 406(b) fee. It did, however, note with approval the approach of courts that have reduced an attorney's recovery based on the character of the attorney's representation and the results the representation achieved. Id. at 808 (citing McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989)). For example, if an attorney is responsible for delay, a reduction may be in order to prevent the attorney from profiting from the accumulation of benefits during the case's pendency. Id. (citing Rodriguez v. Brown, 865 F.2d 739, 746 (6th Cir. 1989)). In addition, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." Id. (citing Rodriguez and Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)).

Cases decided since Gisbrecht have generally been deferential to the terms of contingent fee contracts, accepting de facto hourly rates that exceed those for non-contingent fee cases. See, e.g., Joslyn v. Barnhart, 389 F. Supp. 2d 454 (W.D.N.Y. 2005) (awarding de facto hourly rate of $891); McPeak v. Barnhart, 388 F. Supp. 2d 742 (S.D.W. Va. 2005) (approving $681); Hearn v. Barnhart, 262 F. Supp. 2d 1033 (N.D. Cal. 2003) (approving $450); Boyd v. Barnhart, 2002 U.S. Dist. LEXIS

26690 (E.D.N.Y. 2002) (approving $455); Dodson v. Barnhart, 2002 U.S. Dist. LEXIS 27408 (W.D. Va. 2002) (approving $694); Coppett v. Barnhart, 242 F. Supp. 2d 1380 (S.D. Ga. 2002) (approving $350). Additionally, the undersigned notes that cases in this district have resulted in similar results. *See, e.g.*, Lambert v. Barnhart, Case No. 3:03cv302/RV/MD (approving $982 on September 5, 2006 (docs. 26, 27)); White v. Barnhart, 3:02cv78/LAC/MD (approving $741.81 on February 9, 2005 (docs. 32, 33)).

In the instant motion, Petitioner requests a fee under section 406(b) of $5,848.00 for 6.8 hours of work spent representing Plaintiff in federal court (doc. 32-3 at 1). Petitioner notes that in January 2011, Plaintiff received a "Notice of Award" indicating that $23,767.00 is being withheld from his award by the Commissioner's Office of Central Operations, in anticipation of direct payment of an authorized attorney's fee (doc. 32 at 2 & 32-1). Although the Notice does not indicate the precise amount awarded to Plaintiff in past due benefits, Petitioner avers that the total award must have amounted to $95,068.00, because $23,767.00 is 25% of $95,068.00 (*see id.*). Petitioner, however, does not seek the entire amount of withheld funds; rather, she seeks $5,848.00.

The instant request by Petitioner is made pursuant to 42 U.S.C. § 406(b), and does not exceed the maximum recovery permitted under the terms of that statute (i.e., 25% of the total of past due benefits or, in this case, $23,767.00). Indeed, the amount requested by Petitioner is substantially less than the maximum permitted recovery. Moreover, in support of Petitioner's argument that the amount requested is reasonable, Petitioner states that she obtained "excellent results" for Plaintiff (that is, an award totaling over $95,000.00) and that she represented Plaintiff on a contingency basis, thus assuming a risk that she would receive no compensation at all for the time she expended during this representation (*see* doc. 32 at 2–3). Further, Petitioner states that the requested fee is reasonable, not only because it is consistent with Plaintiff's agreement to pay a fee of up to 25% of his past-due benefits, but also because it is consistent with other awards from this court (doc. 32 at 2–3 (noting in relevant part that the award requested here results in a de facto hourly rate of $860.00 (5,848/6.8 = 860.00))). Additionally, Petitioner notes that Defendant has no objection to the amount she requests (*id.*; *see also* doc. 33).

III.    CONCLUSION

Case No.: 5:09cv72/RS/EMT

The undersigned, after making an independent determination (*see* Gisbrecht, 535 U.S. at 807), agrees with Petitioner and finds that the fee she seeks under Section 406(b) is reasonable (a finding that is bolstered by the Commissioner's lack of objection to the amount requested (*see* doc. 33)). The fee requested by Petitioner is actually less than the fee contemplated in the fee agreement with Plaintiff and less than the maximum permitted under the relevant statute and, while high, is in line with other reported post-Gisbrecht decisions. Furthermore, there is no allegation of undue delay by Petitioner, and she has represented Plaintiff for some time, during which she assumed a risk that she would recover no fee for her services. In short, the court is persuaded that Petitioner has met her burden of showing that her request for $5,848.00 in attorney's fees is reasonable.

Finally, because the previous EAJA award was awarded directly to Plaintiff (*see* doc. 35), the instant award to Petitioner will not constitute "double dipping" and, therefore, Petitioner has no EAJA funds that must be refunded to Plaintiff.[4]

Accordingly, it is respectfully **RECOMMENDED**:

1. That the Petition for Authorization of Attorney Fee Pursuant to the Social Security Act (doc. 32) be **GRANTED**.

2. That Plaintiff's counsel, Heather Freeman, be awarded attorney's fees in the amount of $5,848.00, to be paid out of the sums withheld by the Commissioner from Plaintiff's past due benefits.

At Pensacola, Florida, this 17th day of January 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] In the event Petitioner subsequently received from Plaintiff any or all of the EAJA award, any amount she received should be refunded to Plaintiff upon Petitioner's receipt of the instant award.

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**